John ALEXANDER *v.* STATE of Arkansas

667 S.W.2d 366

Supreme Court of Arkansas
Opinion delivered April 9, 1984

Appellant, *Pro Se.*

*Steve Clark,* Atty. Gen., by *Theodore Holder,* Asst. Atty. Gen., and *Marci L. Talbot,* Asst. Atty. Gen., for appellee.

PER CURIAM. On February 12, 1981, the appellant John Alexander entered a negotiated plea of guilty to a charge of second degree murder. The trial court accepted the plea and sentenced appellant to 15 years imprisonment to be served consecutively to another sentence appellant was serving. In December, 1982, appellant filed in circuit court a pro se petition pursuant to A.R.Cr.P. Rule 37 to vacate the plea. The petition was denied without a hearing by an order entered August 19, 1983. No notice of appeal from the order was filed and appellant now seeks permission to pursue a belated appeal.

Appellant alleges that he mailed a notice of appeal to the circuit court on or about August 29, 1983. When he got no response from the circuit court, he asked this Court to allow him to file a petition for writ of mandamus on the ground that the circuit court had failed to respond to his notice of appeal. Upon inquiring of the circuit clerk, however, it was determined that a notice of appeal had not

been received from appellant. Appellant now contends that the notice of appeal was lost in the mails.

When a pro se Rule 37 petition is denied, the petitioner is entitled to appeal. A.R.Cr.P. Rule 37.3. With the right, however, goes the responsibility to file a timely notice of appeal. *Scott* v. *State,* 281 Ark. 436 664 S.W.2d 475 (1984). The bare allegation that the notice was lost in the mail is not good cause to grant a belated appeal. If it were held to be good cause, an appellant could easily bypass the requirement of filing a timely notice of appeal by asserting in conclusory fashion that he mailed the notice but it did not reach its destination.

Motion denied.