Joe MOORE *v.* STATE of Arkansas

686 S.W.2d 790

Supreme Court of Arkansas
Opinion delivered March 25, 1985
[Supplemental Opinion on Denial of Reconsideration
April 29, 1985.]

Pro Se Motion for Belated Appeal; denied.

Appellant, *pro se.*

No response.

PER CURIAM. In an order signed August 31, 1984, the Circuit Court of Crawford County denied petitioner Joe Moore's petition for postconviction relief. On September 4, 1984, the day the order was filed by the circuit court, the court received a letter from petitioner which the court treated as a motion to set aside the order. The court responded with a second order entered September 11, 1984, declining to disturb the first order.

Petitioner now asks for permission to proceed with a belated appeal of the orders on the ground that he did not

know that his Rule 37 petition had been denied until he was informed of the denial in a letter from the trial judge dated November 28, 1984. He alleges further that the circuit clerk did not forward a copy of the orders to him until January 14, 1985.

Rule 37.3(d) provides that when an order is rendered, a copy will be mailed promptly to the petitioner. *See Scott* v. *State*, 281 Ark. 436, 664 S.W.2d 475 (1984). The record in this case indicates that the circuit court complied with this provision. Letters to the petitioner dated September 4 and September 11, 1984, inform petitioner that a copy of an order is enclosed, and both orders have a notation under the trial judge's signature directing that a copy be delivered to the petitioner. There is a presumption that a letter mailed was received by the person to whom it was addressed. *American Fidelity Fire Insurance Company* v. *Winfield*, 225 Ark. 139, 279 S.W.2d 836 (1955). Petitioner has offered nothing to rebut that presumption beyond the unsubstantiated assertion that the letters did not arrive.

In view of the proof contained in the record that petitioner was provided a copy of both the September 4 and September 11 order, we find that petitioner has not stated good cause for failing to perfect an appeal. Accordingly, his motion for belated appeal is denied.

Motion denied.

Supplemental Opinion on Denial of Reconsideration
delivered April 29, 1985

688 S.W.2d 733

Pro Se Motion for Reconsideration of Denial of Motion for Belated Appeal; denied.

Appellant, *pro se.*

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

PER CURIAM. On March 25, 1985, we denied petitioner's motion for belated appeal. In the motion he had alleged that he was unable to file a timely notice of appeal because he had not received notice from the circuit court that his Rule 37 petition had been denied until several months had passed. He now asks for reconsideration based on the ground that since a prisoner's mail is not delivered directly to him but rather to the prison officials, the prisoner has no knowledge of it until it is passed along to him. He suggests that because he has been transferred four times since being committed to prison, it is possible that his mail was not delivered to him. His statement is unconvincing.

As we said when the motion for belated appeal was denied, Rule 37.3(d) provides that when an order is rendered, a copy will be mailed promptly to the petitioner. The record in this case indicates that the circuit court complied with the rule. We also said that there is a presumption that a letter mailed was received by the person to whom it was addressed. The fact that mail is delivered to the prison mailroom and not directly into the hands of the inmate is not in itself enough to overcome the presumption that it reached him. If petitioner had provided some proof that it is the practice of prison officials to withhold mail or to delay delivering it for an extended period when there has been a transfer, there might be grounds for reconsideration of the denial of his motion for belated appeal. (We note that he states that our opinion denying his motion for belated appeal was post-marked March 25, 1985 and delivered March 27, 1985.) There can be no argument with petitioner's assertion that mail

between the courts and litigants deserves prompt delivery, but petitioner has not demonstrated that there was any undue delay in his case.

Motion for reconsideration denied.