Billy Joe SKAGGS *v.* STATE of Arkansas

697 S.W.2d 913

Supreme Court of Arkansas
Opinion delivered October 28, 1985

Pro Se Motion for Belated Appeal; denied.

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner was found guilty by a jury of rape and sentenced to a term of 25 years imprisonment in the Arkansas Department of Correction. No appeal was taken. Petitioner subsequently filed a petition and an amended petition challenging the conviction pursuant to Criminal Procedure Rule 37. The circuit court denied the petitions in an Order entered on June 5, 1985. A notation on the Order indicates that the clerk mailed petitioner a copy of the Order on the day it was entered. A notice of appeal was not timely filed, and petitioner now seeks a belated appeal.

Petitioner bases his motion for a belated appeal on the sole contention that he put a timely notice of appeal in the mail to the circuit clerk, but it never reached the clerk's office.

On June 14, 1985, our criminal case coordinator received a letter from petitioner in which he indicated that he had filed a notice of appeal in circuit court. This letter cannot be considered proof of what petitioner actually mailed to the circuit clerk, however, because we have no means of verifying its contents or otherwise determining what may have been mailed to

the clerk. It must be assumed that if petitioner had mailed the notice of appeal to the clerk, it would have been delivered by the post office. *See Moore* v. *State*, 285 Ark. 321, 686 S.W.2d 790 (1985). The Rules of Appellate Procedure, Rule 4 (a), provides that a notice of appeal shall be filed within 30 days of the entry of the Order of judgment. There is no extension of time occasioned by delays or loss in the mail. *See Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984).

█ The bare allegation that a notice of appeal was mailed but not delivered is not good cause to grant a belated appeal. If it were, there would be no point in setting up rules of procedure since the procedural requirements could be circumvented by a simple claim that the petitioner's failure to comply with the rules was caused by the post office.

██ Since the litigant who mailed the item has the burden of proving that he mailed it, it is advisable for persons mailing notices of appeal or other material which must be filed within a designated period to use certified mail, return receipt requested. A return receipt would provide proof sufficient to establish the date of mailing and the place and date of receipt.

Motion denied.

PURTLE, J., not participating.