Donald KEY *v.* STATE of Arkansas

RC 88-48                                          759 S.W.2d 567

Supreme Court of Arkansas
Opinion delivered November 14, 1988

*Donald Key*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. The petitioner Donald Key pleaded guilty to seven felony charges in Montgomery County and two felony charges in Polk County. He subsequently filed a timely petition pursuant to Ark. Code Ann. § 16-190-111 (1987) to "correct and reduce" the sentences. The petition was denied on February 12, 1988. A timely notice of appeal was not filed with the circuit clerk of either Montgomery or Polk County, and the petitioner now seeks a belated appeal.

In June petitioner sought to file in this court a petition for writ of mandamus seeking an order to compel the circuit clerks to take some action on a notice of appeal which he alleged had been timely filed. He submitted with the mandamus petition a copy of an unfilemarked notice of appeal which bore notations that a copy of it had been mailed to the circuit judge and the Arkansas Court of Appeals. It is not entirely clear from the motion for belated appeal whether the petitioner is now contending that he mailed the notice of appeal to the clerks, who did not receive it, or whether he mailed the notice of appeal to the judge only. The record, however, contains a letter to the clerks dated March 17, 1988, in which he said that he had mailed the notice of appeal to

them. This letter which was not mailed until *after* the time for filing a timely notice of appeal had passed cannot be relied on as proof that the petitioner actually mailed the notice of appeal because he provides no other verification to establish that he in fact mailed the notice of appeal.

The dissent cites *Houston* v. *Lack*, 56 U.S.L.W. 4728 (June 24, 1988), for the proposition that a notice of appeal is considered "filed" by a *pro se* prisoner under the federal rules of procedure when he delivers it to prison authorities for mailing. That case was no more than an interpretation of Federal Rules of Appellate Procedure 4(a)(1) which is inapplicable in this case.

■ There is a presumption that a letter mailed was received by the person to whom it was addressed. *Skaggs* v. *State*, 287 Ark. 256, 697 S.W.2d 913 (1985); *Moore* v. *State*, 285 Ark. 321, 686 S.W.2d 790 (1985). Petitioner's bare assertion in the motion for belated appeal that he mailed a timely notice of appeal to the "circuit court" offers nothing to rebut that presumption.

■ The allegation that a notice of appeal has been mailed without some substantiation is not good cause to grant a belated appeal. *Alexander* v. *State*, 282 Ark. 216, 667 S.W.2d 366 (1984). As we said in *Alexander* v. *State, supra*, if it were, there would be no point in setting up rules of procedure since the procedural requirements could be circumvented by a simple claim that the petitioner's failure to comply with the rules was caused by the post office. We also noted in *Skaggs* v. *State*, 287 Ark. at 261:

> Since the litigant who mailed the item has the burden of proving that he mailed it, it is advisable for persons mailing notices of appeal or other material which must be filed within a designated period to use certified mail, return receipt requested. A return receipt would provide proof sufficient to establish the date of mailing and the place and date of receipt.

■■ It may be that petitioner mailed a copy of the notice of appeal to the circuit judge, but the circuit judge was not obligated to determine whether the original notice of appeal was received by the clerks since the rules for appellate procedure require that a notice of appeal be filed with the circuit clerk. Ark.

R. App. P. 3(a), Ark. Code Ann. Court Rules (1987). All litigants, including those who proceed *pro se*, must bear the responsibility for conforming to the rules or demonstrating good cause for not doing so. We have consistently held that ignorance of the rules of appellate procedure is not in itself good cause to grant a belated appeal. *Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Thompson* v. *State*, 280 Ark. 163, 655 S.W.2d 424 (1983); *Grain* v. *State*, 280 Ark. 161, 655 S.W.2d 425 (1983).

Motion denied.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The majority opinion correctly recites the rule that there is a presumption that a letter mailed was received by the person to whom it was addressed. The petitioner submitted an unfiled copy of his notice of appeal. He could not have done otherwise. He made a note on the notice of appeal that copies had been mailed to the trial judge and to the Court of Appeals. This action by him is as valid as a certificate of service on an attorney's file copy. The residents in the Arkansas Department of Correction are not equipped with the latest facilities for complying with every detail of the ever-changing rules and regulations of the courts. In the best interests of society and of justice, we should consider substantial compliance by inmates as sufficient. We should expect no more of this petitioner than we do of practicing attorneys. He was in no position to drop by the courthouse and have the clerk file-stamp his copy. He submitted proof that he had mailed the motion to the clerk and other proper parties. That, quite simply, is all that should be required of him.

Notice of appeal is "filed" by a pro se prisoner when he delivers it to prison authorities. *Houston* v. *Lack*, 56 U.S.L.W. 4728 (June 24, 1988). If we follow *Houston* we do not have to search for a way to deny this appeal because there is no way to do so under the facts in this case. The majority evades the real issue here by limiting the *Houston* opinion to federal prisoners. I am of the opinion that Due Process applies to an individual regardless of whether he is incarcerated by the United States or a state.