**Bradley VOLLMER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55391.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

William J. Shaw, Public Defender, Lucy G. Liggett, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the dismissal of his Rule 24.035 motion as untimely filed. We affirm.

Movant pled guilty to one count of second degree murder and was sentenced on January 26, 1988, to a term of thirty years' imprisonment. Movant was delivered to the department of corrections on February 9, 1988.

Movant's 24.035 motion was filed with the circuit clerk on May 11, 1988. The circuit court dismissed movant's motion pursuant to Rule 24.035(b) because it was filed more than ninety days after movant was delivered to the department of corrections.

Movant asserts on appeal his motion should be deemed as filed on April 27, 1988, the date movant alleges he mailed his motion. Movant cites us to *Houston v. Lack*, 487 U.S. ——, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) for the proposition his motion was filed when turned over to prison authorities for mailing. Movant further asserts the time limits of Rule 24.035 are unconstitutional.

 *Houston v. Lack* involved the interpretation of when a notice of appeal is "filed" under Federal Rule of Appellate Procedure 4(a)(1), and is not controlling in this instance. Federal Rule 4(a)(1) is a general rule applicable to all appeals, to which the Supreme Court has created an exception for filing by prisoners acting pro se. In contrast, Rule 24.035 was enacted by the Missouri Supreme Court specifically as a procedure for prisoners seeking vacation of their sentences following a plea of guilty. We conclude from a plain reading of the rule that movant's motion was not filed when mailed, but when it was lodged in the circuit clerk's office, which was May 11, 1988. *See State v. Johnson*, 522 S.W.2d 106, 110[4] (Mo.App.1975) (motion for new trial not filed when mailed, but when lodged in clerk's office). The denial of movant's motion as untimely was proper. The time limits of Rule 24.035 are constitutional and mandatory. *Day v. State*, 770 S.W.2d 692 (Mo.banc, 1989).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.