Robert ELKINS *v.* STATE of Arkansas

RC 89-34                                        778 S.W.2d 608

Supreme Court of Arkansas
Opinion delivered October 30, 1989

Pro Se Motion for Belated Appeal; denied.

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. The petitioner Robert Elkins' petition pursuant to Criminal Procedure Rule 37 was denied by the trial court on December 19, 1988. Petitioner now seeks a belated appeal from the order which denied the Rule 37 petition. He contends that he mailed a timely notice of appeal to the circuit clerk on some unspecified day in December, but the record does not reflect that a notice of appeal was filed with the circuit clerk. He provides a copy of a letter to him from the circuit judge indicating that the judge received a copy of the notice of appeal.

We will grant a belated appeal of an order denying a petition for post-conviction relief if good cause is shown for the petitioner's failure to file a timely notice of appeal with the clerk. *Peterson v. State*, 289 Ark. 452, 711 S.W.2d 830 (1986). The fact that a litigant is proceeding pro se does not excuse him from the responsibility for conforming to the rules of procedure. *Peterson v. State, supra; Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Thompson v. State*, 280 Ark. 163, 655 S.W.2d 424 (1983). We have held that the mere allegation that a petitioner mailed a notice of appeal without some substantiation is not good cause to grant a belated appeal. *Key v. State*, 297 Ark. 111, 759 S.W.2d 567 (1988); *Alexander v. State*, 282 Ark. 216, 667 S.W.2d 366 (1984). As we said in *Alexander v. State, supra*, if it were, there would be no point in setting up rules of procedure since the procedural requirements could be circumvented by a

simple claim that the petitioner's failure to comply with the rules was caused by the post office. It may be that the petitioner here mailed a copy of the notice of appeal to the circuit judge, but the circuit judge was not obligated to determine whether the original notice of appeal was received by the circuit clerk. *Key* v. *State, supra.*

Motion denied.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. All the petitioner seeks here is to have the denial of his Rule 37 petition reviewed on appeal. He alleges that he mailed timely notice of appeal to the trial court. Nobody has denied that he mailed it. In fact, the trial judge acknowledges timely receipt of the notice of appeal. We have simply denied review on the grounds that the petitioner did not file it with the circuit clerk. His notice of appeal is deemed filed on the date it is handed to prison authorities. See *Houston* v. *Lack,* ___ U.S. ___, 108 S.Ct. 2379 (1988).

The court's opinion admits that although the petitioner mailed notice to the trial court, "the circuit judge was not obligated to determine whether the original notice of appeal was received by the circuit clerk." This seems to me to be saying that neither the judiciary nor any other segment of the criminal justice system is obligated to lift a finger to aid a resident of the Arkansas Department of Correction to obtain a meritorious appeal from the denial of a Rule 37 petition. Such an attitude seems entirely too callous.

Apparently, a resident of the Arkansas Department of Correction or other prisoners must hereafter submit authenticated proof of the mailing of notice of appeal and, further, furnish proof that the clerk's office received and filed the notice. See *Key* v. *State,* 297 Ark. 111, 759 S.W.2d 567 (1988) (Justice Purtle dissenting). I am not unmindful of the *Key* opinion or of the case of *Alexander* v. *State,* 282 Ark. 216, 667 S.W.2d 366 (1984). The petitioner has furnished uncontradicted evidence that notice of appeal was received by the trial judge. The proof is a letter from the trial judge to the petitioner, dated March 8, 1989, which reads:

Mr. Elkins:

Reference is made to your Notice of Appeal and Designation of Record sent to my office and post-marked December 13, 1988.

Please consult your legal representative at the prison for the proper place to file said appeal and for further advice and clarification pertaining to your position in this matter.

The trial court could have more readily and easily handed the notice to the clerk's office than go to the trouble and expense of writing the petitioner a letter — three months later — telling him he had filed his notice with the wrong person. Even a timely rejection letter would have given the petitioner an opportunity to claim his legal right to appellate review.

This case gives the appearance of the denial of the petitioner's right of appeal without just reason.