**Roger D. O'ROURKE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41832.**

Missouri Court of Appeals, Western District.

Jan. 16, 1990.

Joel R. Elmer, Asst. Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

PER CURIAM:

This is an appeal from the dismissal of appellant's Rule 24.035 motion for post-conviction relief. The appellant contends that the motion court erred in ruling that his motion was untimely filed, and he claims that the time limits imposed by the Rule are unconstitutional because they make no allowances for late filing.

The judgment is affirmed.

On March 9, 1987, the appellant pled guilty to one count of sexual assault in the first degree, § 566.040, RSMo 1986, and to one count of escape from custody, § 575.200, RSMo 1986. Pursuant to a plea agreement, he was sentenced to two concurrent ten-year terms of imprisonment.

On January 31, 1989, appellant filed a *pro se* Rule 24.035 motion for post-conviction relief, alleging ineffective assistance of counsel. The state filed a motion to dismiss, claiming that appellant's motion was untimely filed under Rule 24.035(*l*) because it was filed after June 30, 1988.

At the hearing on the state's motion to dismiss, the appellant testified that he had originally attempted to file his Rule 24.035 motion prior to the June 30, 1988 deadline. O'Rourke claimed that, during the first two weeks of June, 1988, he put his Rule 24.035 motion in a stamped envelope and left it with an employee in the prison mailroom. He stated that he did not use certified or registered mail because he could not afford the additional postage.

The appellant testified that, after he left his motion in the prison mailroom, he waited six months for some reply from the court. He then wrote the court and asked what had become of his motion, and he was then informed that his motion had never been received by the Circuit Clerk's office. In January of 1989, he filed the present Rule 24.035 motion.

Mary Brundige, a case worker at the Missouri Eastern Correctional Center, testified at the hearing on behalf of appellant. Ms. Brundige stated that, on June 3, 1988,

she notarized an *in forma pauperis* document for appellant, which was executed to the Circuit Court of Callaway County. Ms. Brundige also stated that, on June 6, 1988, she notarized a second document for appellant, but her notary records did not identify what type of document she notarized for appellant on that later date.

On March 28, 1989, the motion court sustained the state's motion to dismiss. In its order, the court stated there was "no credible evidence that Movant executed and deposited for mailing a 24.035 motion prior to June 30, 1988."

In his sole point on appeal, appellant contends the motion court erred in dismissing his motion as untimely filed. Instead, he argues the court should have deemed his motion to have been filed at the time that he delivered it to prison authorities for mailing in June of 1988.

In support of his contention, the appellant cites *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). *Houston v. Lack* held that, under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, a *pro se* defendant who is incarcerated in a federal prison "files" his notice of appeal when he delivers it to the prison authorities for forwarding to the federal court. The appellant asserts that the same rule should be applied to the post-conviction motion in the case at bar.

An identical argument was recently made in two cases from other jurisdictions: *Carr v. State*, 554 A.2d 778 (Del.1989), and *Key v. State*, 297 Ark. 111, 759 S.W.2d 567 (1988). In both of these cases, an inmate attempted to apply the rule of *Houston v. Lack* to state's procedure for post-conviction relief. However, in both instances, the court refused to accept *Houston v. Lack* as controlling or persuasive precedent. In *Key v. State*, the Arkansas Supreme Court refused to follow *Houston v. Lack*, noting that "that case was no more than an interpretation of Federal Rules of Appellate Procedure 4(a)(1) which is inapplicable in this case." 759 S.W.2d at 568. And, in *Carr v. State*, the Delaware Supreme Court stated that *Houston v. Lack*

did not establish as a constitutional requirement that there must be a prison mailbox rule. Instead, the Supreme Court merely interpreted the procedure provided for in the Federal Rules of Appellate Procedure. Thus, the case of *Houston v. Lack* does not compel this court to abandon its own precedent. 554 A.2d at 779.

Likewise, this court concludes *Houston v. Lack* does not compel abandonment of the express terms of Rule 24.035. Rule 24.035(c) specifies that a motion for postconviction relief is to be filed with the clerk of the trial court. Rule 24.035(*l*) specifies a June 30, 1988 filing deadline for any Rule 24.035 movant who was sentenced prior January 1, 1988. This time limit, like all time limits in Rule 24.035, is valid and mandatory, and contains no authority for an extension of the time limits expressly stated. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989); *White v. State*, 779 S.W.2d 571, 572 (Mo. banc, 1989). Thus, appellant, who was sentenced on March 9, 1987, did not timely file his Rule 24.035 motion because he failed to file it with the Circuit Clerk of Callaway County by June 30, 1988.

A refusal to create a prison mailbox rule is also prompted by a lack of institutional safeguards which distinguishes our case from *Houston v. Lack*. As noted in *Houston v. Lack*, in the federal penitentiary system,

> [t]he *pro se* prisoner does not anonymously drop his notice of appeal in a public mailbox—he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date.

108 S.Ct. at 2385. No such procedural safeguards are present in this situation. According to the appellant's testimony at the hearing on the State's motion to dismiss, he merely dropped off the envelope to be mailed, and there was no recording of the transaction. Since the procedural protections of the federal system do not exist

in the case at bar, the policy grounds which favored the adoption of the prison mailbox rule in the federal system are not applicable here. *Carr v. State,* 554 A.2d at 780.

The appellant also contends that the filing deadlines imposed by Rule 24.035 are unconstitutional, since the Rule "makes no provisions for late filing of a motion for post-conviction relief in cases where the motion is not timely filed through no fault of the movant." However, this argument is foreclosed by *Day* and *White, supra,* wherein the Missouri Supreme Court recently upheld the very same time limits.

Accordingly, the judgment of the motion court is affirmed.