PER CURIAM.
Kenneth Hicks appeals his convictions and sentences for burglary, grand theft, and escape. Initially, we were concerned that this pro se appeal was untimely filed. Hicks, in response to this court’s order to show cause, asserts that his appeal paperwork was handed over to prison authorities for mailing within the 30-day time limit, and therefore should be accepted as timely. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).
Houston v. Lack involves an interpretation of the federal rules of appellate procedure. Most of the handful of state appellate courts that have passed upon this question have declined to apply Houston to their own rules of procedure. See, e.g., State v. Lee, 117 Idaho 203, 786 P.2d 594 (1990); Carr v. State, 554 A.2d 778 (Del.1989); Vollmer v. State, 775 S.W.2d 230 (Mo.App.1989); Key v. State, 297 Ark. 111, 759 S.W.2d 567 (1988). Contra Commonwealth v. Hartsgrove, 407 Mass. 441, 553 N.E.2d 1299 (1990). Historically, the Florida courts have held prisoners to the same standards of timeliness as other litigants. While unreasonable delay on the part of prison authorities may justify belated appellate review, ordinary delays inherent in the mail system will not. Walker v. Wainwright, 303 So.2d 321 (Fla.1974).
In the present case we need not attempt to determine whether the holding in Houston is limited to federal appeals or whether the decision announces a broader policy applicable to prisoners generally. Instead, we find that this appeal is also dismissible on the alternative ground that it is taken from a guilty plea entered pursuant to a signed plea agreement. Bridges v. Dugger, 518 So.2d 298 (Fla. 2d DCA 1987); Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
Appeal dismissed.
DANAHY, A.C.J., and THREADGILL and PATTERSON, JJ., concur.