Bobby Joe JONES *v.* STATE of Arkansas

CR 98-924                                   973 S.W.2d 483

Supreme Court of Arkansas
Opinion delivered September 10, 1998

*Marsha Basinger,* for appellant.

No response.

PER CURIAM. Appellant Bobby Joe Jones has filed a motion for belated appeal from the order denying his petition for postconviction relief pursuant to A.R.Cr.P. Rule 37. His attorney, Marsha Basinger, states that the order denying postconviction relief was signed by the trial court on January 7, 1998, but that the order was not filed with the circuit clerk until February 4, 1998. The notice of appeal, however, was filed on January 28, 1998. Hence, under Rule 2 of the Arkansas Rules of Appellate Procedure—Criminal, the notice of appeal was of no effect. *See also Mixon v. State,* 328 Ark. 534, 944 S.W.2d 829 (1997) (*per curiam*).

This court will grant a motion for belated appeal when the attorney admits that the notice of appeal was not timely filed due to an error on his or her part. *See, e.g., Brazil v. State,* 332 Ark. 74, 959 S.W.2d 55 (1998) (*per curiam*). Similarly, this

court will grant a belated appeal from an order denying a petition for postconviction relief if the movant shows good cause for the failure to file a timely notice of appeal. *Elkins v. State,* 300 Ark. 320, 778 S.W.2d 609 (1989) *(per curiam)*; *Garner v. State,* 293 Ark. 309, 737 S.W.2d 637 (1987) *(per curiam)*. Here, the attorney does not admit fault. This court has held that a statement that it was someone else's fault or no one's fault will not suffice. *Id.*; *Clark v. State,* 289 Ark. 382, 711 S.W.2d 162 (1986) *(per curiam)*. Accordingly, Appellant's motion must be denied. ·

Appellant's attorney shall file within thirty days from the date of this *per curiam* order a motion and affidavit in this case accepting full responsibility for not timely filing the notice of appeal, and upon filing same, the motion for belated appeal will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See Harkness v. State,* 264 Ark. 561, 572 S.W.2d 835 (1978).