**Arthur GARRISON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 22909.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 25, 2000.

Application for Transfer to
Supreme Court Denied Feb. 15, 2000.

Application for Transfer Denied
March 21, 2000.

———

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Arthur Garrison (movant) was convicted of first degree assault and second degree attempted robbery. §§ 565.050 and 564.011, RSMo 1994. Those convictions were appealed and affirmed. *See State v. Garrison,* 975 S.W.2d 460 (Mo.App.1998). Movant thereafter sought post-conviction relief pursuant to Rule 29.15. The motion court dismissed his Rule 29.15 motion for being untimely filed.

■ The mandate in the direct appeal of movant's criminal convictions was issued April 15, 1998. Movant filed the Rule 29.15 motion that is the subject of this appeal July 16, 1998, ninety-two days after mandate was issued in his direct appeal. Rule 29.15(b) requires that if there is an appeal of the conviction for which post-conviction relief is sought, a motion under that rule "shall be filed within ninety days after the date the mandate of the appellate court is issued." Rule 29.15(b) further states, "Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15."

■ Movant asserts there was "good cause" for his failure to file his motion within the required 90 days after mandate issued in his direct appeal. He contends he signed his motion on July 12, 1998, and delivered it to prison authorities for mailing. He urges adoption of a "mail box" rule as was done in *Ivy v. Caspari,* 173 F.3d 1136 (8th Cir.1999), with respect to requests for federal habeas corpus relief. Movant requests that his motion be deemed filed at the time he delivered it to prison authorities for mailing. He contends the motion court erred in not so holding.

The issue presented by this appeal was addressed in *O'Rourke v. State*, 782 S.W.2d 808 (Mo.App.1990). The Western District of this court found the issues contrary to the position movant takes in this appeal. We agree with the result reached in *O'Rourke* and the rationale on which that decision was based. The judgment of the motion court is affirmed.

CROW, P.J., and SHRUM, J., concur.