**Jonathon DANIELS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 57813.**

Missouri Court of Appeals,
Western District.

Sept. 5, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 2000.

Application for Transfer Denied
Dec. 5, 2000.

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane D. Crouse, Asst. Atty. Gen., Jefferson City, for respondent.

RONALD R. HOLLIGER, Judge.

Jonathon Daniels appeals the dismissal of his pro se Rule 24.035 motion upon the basis that it was untimely filed. Daniels pled guilty to one count of sale of a controlled substance, § 195.211, RSMo[1] and two counts of trafficking in the first degree, § 195.211. He was sentenced to concurrent terms of 10 years imprisonment and delivered to the Department of Corrections on October 7, 1998. He claims that he mailed a pro se motion for post-conviction relief on November 26, 1998. Such motions must be filed within 90 days after a prisoner's delivery to the department of corrections.[2] Rule 24.035(b). Daniels filed the motion now at issue pro se on May 19, 1999, well beyond the filing deadline under Rule 24.035(b).

The post-conviction court must make findings of fact and conclusions of law. Our review is limited in scope. Rule 24.035(k). Unless the findings of fact and conclusions of law are clearly erroneous, we must uphold the trial court's determination. *State v. Miller,* 935 S.W.2d 618, 625 (Mo.App.1996). The trial court's determination is clearly erroneous only if the appellate court is left with a firm and definite belief that a mistake has been made. *State v. Brown,* 966 S.W.2d 332, 336 (Mo.App.1998). After the circuit court dismissed his Rule 24.035 motion Daniels' appointed counsel filed a motion to reconsider alleging that Daniels had mailed an earlier pro se motion nearly six weeks before the deadline. A copy of a handwritten Form 40 notarized November 25, 1998, was attached.[3] The unverified motion to reconsider included no affidavit from Daniels and contained no details as to the manner and method of notarization and mailing from the correctional facility.

Daniels' sole point on appeal is that the trial court erred in concluding that the filing deadline is absolute and makes no provision for the late filing of a pro se Rule 24.035 motion upon a showing of good cause and that he pled facts not refuted by the record which, if true, demonstrate good cause for his late filing. He makes no claim that he has been denied due process because of the manner and method by which his claimed original pro se motion was handled by prison authorities. Daniels relies on *Ivy v. Caspari,* 173 F.3d 1136 (8th Cir.1999). In *Ivy,* a Missouri prisoner seeking general habeas relief was faced with a claim that he had failed to exhaust his state remedies by failing to timely file his Rule 24.035 motion.[4] Ivy

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

2. For pleas of guilty where there has been no appeal from the judgment or sentence.

3. The signature line under the motion allegations was blank; the included affidavit in forma pauperis was signed.

4. The Boone County Circuit Court dismissed his motion as untimely and this court affirmed. Ivy v. State, 792 S.W.2d 12 (Mo.App. 1990).

claimed that he had delivered his motion to a prison employee for mailing six days before the expiration of his filing deadline. There was no evidence that the reason for non-delivery was any fault, interference or failure of state prison officials. Nevertheless, the 8th Circuit held that "it is the fact of non-delivery of a prisoner's timely and properly mailed motion, not the reason for that non-delivery, that constitutes cause for the [late filing]." *Id.* at 1141. The ruling in *Ivy,* however, was in the context of whether there was good cause for federal habeas purposes for the prisoner's failure to exhaust state remedies.

We are bound by the decisions of the Missouri Supreme Court, *Mo. Const., Art V, Sec. 2 (1945). State v. Simpson,* 813 S.W.2d 323, 323 (Mo.App.1991), *cert. denied,* 502 U.S. 1109, 112 S.Ct. 1209–10, 117 L.Ed.2d 448. In numerous decisions the Supreme Court has held that the time limits are mandatory and constitutional. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). *State v. Simmons,* 955 S.W.2d 752, 771 (Mo. banc 1997). The only recognized exception by the Supreme Court has dealt with situations of abandonment by counsel in the context of filing a timely amended motion under Rule 24.035(g). *Luleff v. State,* 807 S.W.2d 495, 497 (Mo. banc 1991).

The intermediate appellate courts have previously been presented as herein with a bare allegation of timely mailing devoid of any proof of governmental interference. They have declined to adopt a prison mailbox rule. In *Vollmer v. State,* 775 S.W.2d 230, 231 (Mo.App.1989), the Eastern District held that the "motion was not filed when mailed, but when lodged in the circuit clerk's office...." *Id.* at 231. We have also reached the same conclusion in *O'Rourke v. State,* 782 S.W.2d 808, 809–10 (Mo.App.1990). We reaffirmed that position in *Seward v. State,* 871 S.W.2d 16 (Mo.App.1993). The Southern District likewise rejected a "mail box" rule in *Garrison v. State,* 11 S.W.3d 868 (Mo.App. 2000). *Ivy* is not binding upon a state

court interpreting and applying its own post-conviction relief time deadlines. See *Garrison* at 868 (citing *O'Rourke v. State,* 782 S.W.2d 808, 809 (Mo.App.1990)), where this court held it was not bound by a case merely interpreting Federal Rules of Appellate Procedure in a federal habeas corpus proceeding.

Daniels has provided no alleged facts or claim of fact that would take his claim out of the previous decisions that mere timely mailing constitutes filing or good cause for untimely receipt or non-delivery. We are therefore duty bound to follow the prior holdings that the time limits for post-conviction motions are both strict and mandatory.

The judgment dismissing the pro se Rule 24.035 motion is affirmed.

HAROLD L. LOWENSTEIN, Presiding Judge, and ROBERT G. ULRICH, Judge, concur.