Ross MORLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 59359.

Missouri Court of Appeals,
Western District.

Nov. 27, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 2002.

Application for Transfer Denied
March 19, 2002.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before NEWTON, P.J.,
LOWENSTEIN and SMART, J.J.

HAROLD L. LOWENSTEIN, Judge.

Ross R. Morley appeals from the dismissal of his Rule 24.035 motion for post-conviction relief. Morley sought to vacate his conviction and sentence for robbery in the second degree. Because this court finds that Rule 24.035 makes no provision for late filing, Morley's Rule 24.035 motion was properly dismissed as untimely. Affirmed.

### Factual and Procedural History

Ross R. Morley was charged by information with one count of robbery in the first degree, § 569.020, RSMo 2000,[1] and one count of armed criminal action, § 571.015. He pleaded guilty to one count of robbery in the second degree, § 569.030, and the State dismissed the armed criminal action count. Morley was sentenced to fifteen years' imprisonment and was delivered to the Missouri Department of Corrections on June 24, 1999.

Morley's *pro se* motion to vacate, set aside or correct the judgment or sentence was filed on January 21, 2000. Morley was appointed counsel, who then filed an amended motion on August 29, 2000. On August 31, 2000, the trial court dismissed the motion, finding that Morley's *pro se* motion had not been timely filed. Morley appeals.

### I.

Morley argues in his sole point on appeal that the trial court erred in dismissing his Rule 24.035 motion as untimely in that he pleaded factual allegations which are not refuted by the record and which, if true, would demonstrate a good faith effort to timely file the motion and show good cause for his late filing.

■ This court's review of the dismissal of a motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. 24.035(k); *Valdez v. State*, 35 S.W.3d 877, 878 (Mo. App.2001). The trial court's findings are clearly erroneous if the appellate court is left with a definite and firm impression that a mistake has been made. *Id.*

■ Under Rule 24.035(b), Morley's motion should have been filed within ninety days of the date he was delivered to the custody of the Missouri Department of Corrections (DOC). Morley was delivered to the DOC on June 24, 1999; however, his *pro se* motion was not filed until January 21, 2000, well after the ninety-day deadline.

■ Morley claimed in his motion for reconsideration that his *pro se* motion was notarized on August 10, 1999, and mailed shortly after his incarceration. He also claims that when he later learned a copy of the motion was not on file, he mailed another copy to the court. Morley's appointed counsel had an investigator check into his claims. The investigator found a *pro se* motion in Morley's criminal case file in the Department of Criminal Records that had not been file-stamped. There is no evidence in the file showing Morley's motion was timely filed. The investigator also reported that the only thing she found in his civil case file was his untimely *pro se* Rule 24.035 motion.

On appeal, Morley argues that good cause exists for his late filing. Because he was delivered to the DOC on June 24, 1999, his *pro se* motion had to be filed by September 22, 1999. Morley argues that his *pro se* motion was notarized and mailed on August 10, 1999, and barring external interference, it should have been received and file-stamped by the circuit court clerk no more than a week later, well before the expiration of the ninety-day filing period.

As Morley recognizes in his brief, the time limits for filing post-conviction relief motions have repeatedly and consistently been held valid and mandatory. *State v. Roll*, 942 S.W.2d 370, 374 (Mo. banc 1997); *State v. Parker*, 886 S.W.2d 908, 929 (Mo. banc 1994); *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992); *State v. Twenter*, 818 S.W.2d 628, 644 (Mo. banc

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

1991); *State v. Six,* 805 S.W.2d 159, 169–70 (Mo. banc 1991); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989).

Morley, however, cites *Ivy v. Caspari,* 173 F.3d 1136 (8th Cir.1999), for the proposition that a prisoner's attempt to mail a *pro se* Rule 24.035 motion within the time provided under the rule may constitute good cause for late filing. In *Ivy,* a Missouri prisoner sought general habeas relief in federal court, after this court affirmed the dismissal of his untimely filed Rule 24.035 motion,[2] and the Supreme Court of Missouri denied his request for rehearing and/or transfer. Ivy claimed that he had delivered his motion to a prison employee for mailing six days before the expiration of his filing deadline. The Eighth Circuit determined that Ivy did not have to establish that "a prison employee deliberately or maliciously purloined the envelope containing the motion" to establish cause for the late filing. *Id.* at 1141. Rather, "[i]t is the fact of nondelivery of a prisoner's timely and properly mailed motion, not the reason for that nondelivery, that constitutes cause for the procedural default." *Id.* The Eight Circuit ultimately reviewed Ivy's post-conviction claims on the merits.

In *Daniels v. State,* this court held that *Ivy* was "not binding upon a state court interpreting and applying its own post-conviction relief time deadlines." 31 S.W.3d 121, 123 (Mo.App.2000). In fact, the time limitations set forth in Rules 24.035 and 29.15 have withstood constitutional challenges, *Curl v. State,* 873 S.W.2d 655, 656 (Mo.App.1994), even though the rules make no provision for late filing if good cause is shown, *Marschke v. State,* 946 S.W.2d 10, 12 (Mo.App.1997), or for excusable neglect. *Cowans v. State,* 778 S.W.2d 758, 762 (Mo.App.1989). As stated in *Daniels,* this court is duty-bound to follow prior holdings finding that time lim-

2. *Ivy v. State,* 792 S.W.2d 12 (Mo.App.1990).

its for post-conviction motions "are both strict and mandatory." 31 S.W.3d at 123.

As such, the trial court's dismissal of Morley's Rule 24.035 motion as untimely was not clearly erroneous. Judgment affirmed. Rule 84.16(b).

All concur.

