## Edward Henry BUIE *v.* STATE of Arkansas

CR 02-1195                                        89 S.W.3d 929

Supreme Court of Arkansas
Opinion delivered November 21, 2002

*John C. Goodson*, for appellant.

No response.

P ER CURIAM. Appellant Edward Henry Buie, by and through his attorney John C. Goodson, has filed this motion for rule on the clerk. We deny the motion.

Appellant was convicted in the District Court of Hot Springs, Garland County, Arkansas, of driving while intoxicated—first offense, improper lane change, and refusing a chemical test. He timely appealed each of these convictions to the Garland County Circuit Court. A jury trial was scheduled for June 26, 2002, with a readiness hearing scheduled for June 18, 2002. Appellant failed to appear at the readiness hearing, and the trial court subsequently dismissed his appeal on June 20, 2002. On July 3, 2002, Appellant filed a motion for new trial. This motion was denied by the trial court on July 7, 2002.

Appellant attempted to lodge a notice of appeal from the trial court's order denying the new trial by sending a facsimile of the

notice to the Garland County Clerk's office on August 8, 2002. According to Appellant's counsel, the clerk's office contacted him the following day requesting verification of the facsimile sent on August 7. The clerk's office did not receive the notice of appeal on August 7, because their facsimile number had changed; thus, the notice was not received until August 8, the thirty-first day following the entry of the trial court's order. Thereafter, the clerk of this court refused to lodge the transcript of this matter, because the notice of appeal had not been timely filed.

■ ■  This court has held that we will grant a motion for rule on the clerk, which we will treat as a motion for belated appeal, when the attorney admits that the notice of appeal was not timely filed due to an error on his part. *See, e.g., Brazil v. State*, 332 Ark. 74, 959 S.W.2d 55 (1998) (*per curiam*); *Tarry v. State*, 288 Ark. 172, 702 S.W.2d 804 (1986) (*per curiam*). In the instant matter, however, the attorney does not admit fault that the notice of appeal was not timely filed due to an error on his part. It is well settled that a statement that it was someone else's fault or no one's fault will not suffice. *Jones v. State*, 334 Ark. 236, 973 S.W.2d 483 (1998) (*per curiam*); *Brazil*, 332 Ark. 74, 959 S.W.2d 55. Accordingly, we must deny Appellant's motion.

We order Appellant's attorney to file within thirty days from the date of this *per curiam* order a motion and affidavit accepting full responsibility for not timely filing the notice of appeal, and upon filing same, the motion for belated appeal will be granted and a copy of this opinion will be forwarded to this court's Committee on Professional Conduct. *See Brazil*, 332 Ark. 74, 959 S.W.2d 55.

Motion denied.