Cite as 2021 Ark. App. 485

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-21-163

| | |
|---|---|
| | **Opinion Delivered** December 8, 2021 |
| RONNIE ROBINSON<br>APPELLANT | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW |
| V. | [NO. 2021-BR-00814] |
| DIRECTOR, DIVISION OF<br>WORKFORCE SERVICES<br>APPELLEE | REVERSED AND REMANDED |

## BART F. VIRDEN, Judge

Appellant, Ronnie Robinson, appeals an adverse ruling of the Board of Review (Board) affirming the Appeal Tribunal's (Tribunal's) dismissal of his unemployment claim as untimely. We reverse and remand.

### I. *Background and Procedural History*

On July 7, 2020, the Division of Workforce Services ("DWS") issued a notice of determination of entitlement that found Robinson was not eligible for pandemic-unemployment-assistance ("PUA") benefits because he was not a covered individual under the governing sections of the CARES Act. Robinson filed an untimely appeal of the determination to the Tribunal on August 4, 2020. On October 29, the Tribunal conducted a hearing pursuant to *Paulino v. Daniels*, 269 Ark. 676, 559 S.W.2d 760 (Ark. Ct. App. 1980), to determine whether the untimely filing of the appeal was due to circumstances

outside Robinson's control. The Tribunal found that Robinson had received the determination at his residence but did not act quickly enough to file a timely appeal; thus, the untimely filing was not a result of circumstances beyond his control. It dismissed his appeal in a decision with a mailing date of October 30, 2020.

Robinson then filed a timely appeal of that decision to the Board. The Board, without a hearing after review of the Tribunal record, upheld the Tribunal's dismissal of Robinson's claim for PUA benefits. Robinson has now appealed from the Board's decision dismissing his PUA claim.

## II. *Standard of Review*

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision as a result of the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson* v. *Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

## III. *Analysis*

Appeals from DWS decisions must be filed or postmarked within twenty calendar days from the date the adverse decision was mailed; however, late appeals may be considered

2

as timely if the lateness was due to circumstances beyond the appellant's control. Ark. Code Ann. § 11-10-524(a) (Supp. 2021). In this matter, the initial adverse PUA decision was mailed on July 7, 2020; therefore, Robinson had until July 27 to file a timely appeal. The procedural record in this matter is somewhat confusing due to clerical and administrative errors by DWS, but there are documents contained therein that are illuminating.

The Board's reasoning for dismissing Robinson's August 4, 2020, appeal as untimely rests in an instance of testimony in which Robinson claimed he did not receive the PUA determination. The Board concluded that Robinson failed to rebut the presumption that a letter is received by the person to whom it is addressed, citing *Skaggs v. State*, 287 Ark. 259, 697 S.W.2d 913 (1985), and *Moore v. State*, 285 Ark. 321, 686 S.W.2d 790 (1985). However, Robinson testified that he called DWS multiple times and was eventually told they would mail it to him. While he does not provide a time frame for his phone calls, the record shows that Robinson made regular calls to DWS, as reflected through printed service-inquiry screens, to inquire about statuses of claims. Per DWS notes from Robinson's call on July 6, 2020, he was given a time frame of six to eight weeks for a decision, and he was told that the decision cannot be given by phone. He was advised on July 8 that no decision had been made. He called on July 20, and notes indicate that he was told both that his decision was still pending and that a decision was made and mailed. On July 21, Robinson was told that he would have to wait on the decision letter to come in the mail. While the Board concludes that these inquiries were "primarily regarding his [unemployment] claim," there is no evidence in the record to suggest these calls were not about PUA, as Robinson testified, or that would otherwise support this finding. Substantial

evidence exists only if reasonable minds could have reached the same conclusion without resort to speculation or conjecture. *Hernandez v. Wal-Mart Assocs.*, 2009 Ark. App. 531, at 2, 337 S.W.3d 531, 532.

Additionally, Robinson faxed his appeal to the Tribunal on August 4, 2020, from a Brookshires store. On the first page of the faxed document, his PUA petition for appeal, he listed "medical reason/COVID 19." Accompanying the petition, as the second and third pages of the faxed document, was a letter from Dr. Jennifer Dillaha with the Arkansas Department of Health dated July 22, 2020. It noted that Robinson had been identified as someone who tested positive for COVID-19, so he must remain in isolation at home until he met the criteria for being recovered. The letter, in relevant part, directed him to remain at home without visitors; only leave home to obtain medical care; refrain from using public transportation; and explicitly instructed him not to go to work, stores, or any public places or events. The letter notes that the Arkansas Department of Health would determine when his home-isolation period would terminate and that a mandatory isolation order could result if he did not follow the isolation guidelines as instructed. The hearing officer acknowledged on the record that the faxed PUA appeal petition was received, and the *Paulino* hearing was ostensibly to address the lack of timeliness, yet most of the hearing veered toward asking Robinson questions about his separate unemployment claim.

While the record remains unclear as to if and when Robinson received his PUA determination, the record clearly indicates that he contacted the DWS office numerous times after July 7, 2020, to inquire about a decision that he had not yet received. The Board's finding that these calls were regarding another issue is based on speculation and not

4

supported by the record. Further, he was directed by a state agency to self-isolate during the pendency of his Tribunal appeal time. This is a significant circumstance that was outside Robinson's control, yet it was completely unaddressed by both the Tribunal and the Board in their findings.

Therefore, we hold that there was not substantial evidence to support the Board's finding that Robinson's late appeal to the tribunal was not beyond his control, and we reverse and remand for the Board to consider the merits of Robinson's PUA claim.

Reversed and remanded.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Ronnie Robinson*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.