Cite as 2022 Ark. App. 258

# ARKANSAS COURT OF APPEALS
DIVISION I

No. E-21-517

| | |
|---|---|
| ELIZABETH YOUNG<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES<br><br>APPELLEE | Opinion Delivered May 25, 2022<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br><br>[NO. 2021-BR-02015]<br><br><br>AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

Appellant Elizabeth Young appeals the Board of Review's (Board's) decision to dismiss her appeal on the basis that her untimely appeal to the Appeal Tribunal was not due to circumstances beyond her control. She also appeals the Board's findings that she willfully misrepresented her earnings, which resulted in an overpayment of $451. We affirm the Board's dismissal of her appeal.

The Division of Workforce Services issued a notice of fraud overpayment determination finding Young had been overpaid $451 in benefits for the week of March 28, 2020. The notice stated that the mailing date of the determination of benefits was March 3, 2021. Young timely appealed this determination.

A hearing was held to determine whether Young received benefits that she was not entitled to as a result of making a false statement or misrepresentation of material fact and, if so, whether under Ark. Code Ann. § 11-10-532(a) (Supp. 2021) she was required to repay the benefits. At the hearing, the hearing officer asked Young why she should not have to repay the $451 that were determined to be an overpayment. Young denied that she fraudulently received any money and that she was fired abruptly. Young said that she was the one who had a claim for fraud because she did not receive certain benefits that her coworkers had received. The Appeal Tribunal determined that Young incorrectly reported her earnings for the week of March 28, 2020. The Appeal Tribunal held that Young had been advised that she incorrectly reported her earnings in case number 2021-AT-05657, which involved her appeal of a January 26, 2021 notice of determination. In that appeal, the Appeal Tribunal found that Young had filed an untimely appeal of that determination.[1] Here, the Appeal Tribunal found the underlying determination in 2021-AT-05657 still in effect. Therefore, because Young received the $451 overpayment for the week in question, the money was found to have been received through a willful misrepresentation of facts. The Board upheld the Appeal Tribunal decision.

---

[1]In 2021-AT-05657, Young was found to be disqualified from receiving unemployment benefits for nineteen weeks because she had incorrectly reported her work and earnings for a two-week period The notice's mailing date was January 26, 2021, but Young did not file her notice of appeal until March 10, 2021. The Appeal Tribunal dismissed Young's appeal of the January 26, 2021 notice of determination, and that decision was affirmed by the Board. Young has appealed that decision in a separate appeal, *Young v. Dir.*, 2022 Ark. App. 257, ___ S.W.3d ___ (case No. E-21-516), also handed down today.

On appeal of an unemployment-compensation case, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Jones v. Dir.*, 2019 Ark. Ap. 341, 581 S.W.3d 516. The Board's findings of fact are conclusive if supported by substantial evidence. *Id.* Substantial evidence is evidence a reasonable mind might accept as adequate support a conclusion. *Id.* Appellate review is limited to determining whether the Board could reasonably reach its decision on the basis of the evidence before it, even if there is evidence on which the Board might have reached a different decision. *Higgins v. Dir.*, 2016 Ark. App. 449, 503 S.W.3d 833. The reviewing court may not substitute its findings for the Board's, even though the court might have reached a different conclusion had it made the original determination on the same evidence. *Id.* The credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Id.*

Young's first point on appeal is that the Division of Workforce Services had the burden of proving the date the January 26, 2021, notice of agency determination was mailed because proof of delivery was within its control. This argument is addressed in *Young v. Director*, 2022 Ark. App. 257, ___ S.W.3d ___, which affirmed the Board's dismissal due to the untimely appeal not being due to circumstances beyond her control.

In this appeal, Young additionally argues that she did not willfully misrepresent her earnings and that the payments she received were for work that she had already performed and also included an additional amount of accrued vacation pay. We hold that this issue is not properly before our court because the Board did not take up the issue whether she

3

willfully misrepresented a material fact. The Board held only that there was no relief from the overpayment available to Young because she did not timely file appeal the January 26, 2021 notice of determination in case No. 2021-AT-05657. We agree. Because these arguments were not made below, this court will not consider them for the first time on appeal. *Rossini v. Dir.*, 81 Ark. App. 286, 101 S.W.3d 266 (2003).

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.