Cite as 2022 Ark. App. 257

# ARKANSAS COURT OF APPEALS
## DIVISION I
No. E-21-516

| | |
|---|---|
| ELIZABETH YOUNG<br><br>APPELLANT<br><br>V.<br><br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES<br><br>APPELLEE | Opinion Delivered May 25, 2022<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br><br>[NO. 2021-BR-02014]<br><br><br><br>AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Elizabeth Young appeals the Board of Review's decision to dismiss her unemployment-benefits appeal on the basis that her untimely appeal to the Appeal Tribunal was not due to circumstances beyond her control. Young argues that the Board of Review erred in finding (1) that the untimeliness of her appeal was not a result of circumstances beyond her control; and (2) that she had incorrectly reported her income. We affirm the Board of Review's dismissal of her appeal.

The Division of Workforce Services issued a notice of agency determination finding that Young was disqualified from receiving unemployment benefits for nineteen weeks because she had incorrectly reported her work and earnings for a period of two weeks. The notice stated that the mailing date of the determination was January 26, 2021. Young did not file her notice of appeal until March 10, 2021.

A hearing was held pursuant to *Paulino v. Daniels*, 269 Ark. 676, 559 S.W.2d 760 (Ark. App. 1980), to determine if the untimely filing of the appeal was due to circumstances beyond Young's control. At the hearing, the hearing officer asked Young if her mailing address was 1604 North Jefferson Avenue in El Dorado; Young confirmed the address was correct. Young denied that she had received the January 26 notice in the mail, but she admitted that she had received a notice of overpayment on March 3, 2021. When asked by the hearing officer if she had any idea why she would not have received the January 26 notice but did receive the March 3 notice when they were both mailed to the same address, Young said that she was not the person who picked up the mail at her house; that her children had been home a lot as a result of the pandemic; and that her husband did not put things in the appropriate places, but she said that they opened the mail together on a weekly basis. Young said her children had managed to get pieces of mail before, but never a bill. She stated she was not saying the January 26 notice was not sent but rather that she had not opened it. The Appeal Tribunal determined that Young's late filing was not due to circumstances beyond her control and dismissed her appeal; the Board of Review upheld the Appeal Tribunal decision.

On appeal of an unemployment-compensation case, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Jones v. Dir.*, 2019 Ark. App. 341, 581 S.W.3d 516. The Board's findings of fact are conclusive if supported by substantial evidence. *Id.* Substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion. *Id.* Appellate review is

limited to determining whether the Board could reasonably reach its decision based on the evidence before it, even if there is evidence on which the Board might have reached a different decision. *Higgins v. Dir.*, 2016 Ark. App. 449, 503 S.W.3d 833. The reviewing court may not substitute its findings for the Board's, even though the court might have reached a different conclusion had it made an original determination on the same evidence. *Id.* The credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Id.*

Young contends that the Division of Workforce Services had the burden of proving the date the notice was mailed because proof of delivery was within its control. In support of this argument, Young cites *Skaggs v. State*, 287 Ark. 259, 697 S.W.2d 913 (1985), a postconviction case in which the supreme court denied the petitioner's motion for belated appeal. In *Skaggs*, the petitioner claimed that he mailed a timely notice of appeal to the circuit clerk, but the petition was not received by the clerk's office. In denying the petitioner's motion for belated appeal, the supreme court held that it must be assumed that if the petitioner had mailed the notice of appeal, the post office would have delivered it to the clerk's office. Young claims that *Skaggs* supports her position that if the notice had been mailed to her, it would have been delivered by the post office.

Young argues that the Board of Review erroneously relied on *Moore v. State*, 285 Ark. 321, 686 S.W.2d 790 (1985), another postconviction case in which a belated appeal was denied, which applied a different presumption—that a letter mailed is presumed to be received by the person to whom it is addressed. In *Moore*, the record indicated that the

3

circuit court had complied with the requirement that a copy of an order regarding a Rule 37 petition will be mailed promptly to the petitioner. Young argues that *Skaggs* and *Moore* are conflicting and that because *Skaggs* was decided after *Moore*, *Skaggs* should control. This court cannot overrule either of these cases because they are both supreme court cases. However, these cases are not necessarily dispositive in the present case.

The Board of Review has the discretion to find that a tardy appeal is actually timely. *Price v. Dir.*, 2011 Ark. App. 100. The burden of proof is on the claimant. *Id.* The operative statutory wording is "may," not "shall." *Id.* Moreover, this is a fact-intensive inquiry driven in large part by credibility determinations. *Id.*

"There is a presumption of fact that, when a letter, properly and sufficiently addressed and stamped, is mailed, it and its contents were received by the addressee in due course of mail, which ceases to exist, and becomes a question of fact, when the addressee denies receipt." *Swink & Co., Inc. v. Carroll McEntee & McGinley, Inc.*, 266 Ark. 279, 290, 584 S.W.2d 393, 399 (1979). "A mere denial that a properly mailed letter was not received is not sufficient, as a matter of law, to rebut the presumption; it simply leaves the question of receipt to the [finder of fact]." *Id.*

Here, the January 26 notice is in the record and reflects an address that Young agreed is her correct address. Young admitted that she had received other notices at her address from the Division of Workforce Services. And she also stated at the hearing that she was not saying that the notice was not sent, she was just saying that she did not open it. Other than her denial that she received the notice, Young presented no evidence to rebut the

4

presumption that the notice was mailed to her, even though it was her burden to do so. Therefore, we hold that there is substantial evidence to support the Board's decision that the untimely filing was not due to circumstances beyond Young's control.

Young also argues that the Board of Review erred in finding she had incorrectly reported her income. We are unable to reach this issue on appeal. Pursuant to *Paulino*, the sole issue to be determined at the hearing was whether the untimely filing of the notice of appeal was due to circumstances beyond Young's control. The Board of Review made no decision regarding whether Young had incorrectly reported her income. Therefore, there is no decision on the merits for this court to review.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.