**HIGHER EDUCATION ASSISTANCE FOUNDATION, Respondent,**

v.

**Jeffrey M. HENSLEY, Appellant.**

**No. 74466.**

Supreme Court of Missouri,
Division No. 1.

Nov. 24, 1992.

---

E. David Swartzbaugh, Kansas City, for appellant.

James M. McNeile, Keith Shuttleworth, Kansas City, for respondent.

PER CURIAM.

The issue in this case is whether a trial court may sustain a motion for new trial filed more than fifteen days after the entry of judgment. Under the unique facts of this case, we hold that it may not. Therefore, we reverse the judgment of the trial court and remand for entry of orders consistent with this opinion.

This Court's jurisdiction is founded on Article V, Section 10 of the Missouri Constitution, which permits transfer from the court of appeals to this Court prior to opinion on order of this Court. Because this case involves an employee of the Missouri Court of Appeals, Western District, this Court exercised its discretion, ordered transfer, and further ordered the matter heard in division. Mo. Const. art. V, § 7.

I.

On August 9, 1990, the Higher Education Assistance Foundation (HEAF), respondent, filed a petition on a note against Jeffrey M. Hensley in the Circuit Court of Clay County, Missouri. The petition averred that Hensley executed two promissory notes in 1982: the first, on January 18, in the principal amount of $2,500 and bearing interest at the rate of 9 percent per annum; and the second, on November 24, in the principal amount of $2,281 and bearing interest at the rate of 9 percent per annum. The petition further averred that Hensley defaulted on the notes. Appellant was not served until January 2, 1991. As Hensley had not yet graduated from law school, the parties entered into a period of negotiations. When these negotiations did not bear fruit, the trial court set the trial for October 22, 1991.

On that date, the trial court heard evidence and sustained Hensley's motion to dismiss at the close of the evidence. The trial court reasoned that, under the terms of the student loans, Hensley was not in default until six months after his graduation from law school, or "around December 10, 1991." Specifically, the trial court's order read, in pertinent part: "At conclusion of evidence court sustains defendant's motion to dismiss for plaintiff's failure to produce sufficient evidence of default or deferral."

Twenty-two days after the entry of the judgment, on November 13, 1991, HEAF filed a motion to amend the judgment entry or, in the alternative, for a new trial. The motion expressed HEAF's fear that the

failure of the trial court's judgment entry to reflect whether the dismissal was with or without prejudice meant that "the dismissal could ... be construed as one with prejudice as to the refiling of plaintiff's lawsuit against defendant." The motion invited the trial court to indicate to· the parties whether the dismissal was with or without prejudice. HEAF cited various judicial comments in the trial transcript supporting HEAF's belief that the trial court dismissed the case "for prematurity of action." Rule 67.03. The motion alternatively requested a new trial, stating, "[p]laintiff's motion for a new trial as an alternative to an amendment of the judgment of dismissal is presented to the court pursuant to Supreme Court Rule 78.01."

Hensley responded on November 18, 1991. Hensley's response did not speak to the merits of HEAF's motion, but instead informed the trial court that HEAF filed its motion out of time. Rule 73.01(a)(3). Hensley requested that HEAF's motions be overruled.

The trial court sustained HEAF's motion for a new trial on November 19, 1991. The trial court's docket entry read: "Court considers plaintiff's motion for new trial and after due consideration the court sustains said motion." Hensley appealed.

## II.

### A.

■ Hensley raises a single point on appeal. He claims that the trial court erred in sustaining HEAF's motion for a new trial because the motion was filed out of time. We agree.

Rule 73.01(a)(3) applies in cases tried without a jury and provides: "Not later than fifteen days after the entry of judgment, a party may ... file a motion for a new trial or a motion to amend the judgment and opinion, or both."

On appeal, HEAF agrees that its motion was filed beyond the time permitted by Rule 73.01. HEAF now contends that the trial court acted pursuant to Rule 75.01, which permits the trial court to retain control over its judgment "during the thirty-day period after entry of judgment." Under HEAF's argument, its late motion becomes a suggestion to the trial court to exercise its authority under Rule 75.01. *See Murray v. Sanders*, 667 S.W.2d 426, 430 (Mo.App.1984). (Motion to set aside judgment filed on 16th day following entry of judgment is a suggestion to the court to act under its Rule 75.01 authority.)

While this argument serves HEAF's purposes, it is obvious that the trial court did not believe it acted under Rule 75.01. First, Rule 75.01 requires that "every order granting a new trial shall specify the grounds therefor." The trial court's order granting the new trial did not specify the grounds for its action. Because the trial court failed to specify specific grounds, we conclude that the trial court's order could not have proceeded from its authority under Rule 75.01. Second, the trial court's order expressly stated that it sustained HEAF's motion for new trial.

On these unique facts, we conclude that the trial court erred in sustaining HEAF's motion. The judgment of the trial court must, therefore, be reversed and the cause remanded for orders consistent with this opinion. Nothing in this opinion should be interpreted to diminish the broad authority of trial courts to grant a new trial pursuant to Rule 75.01.

### B.

■ Following transfer, HEAF filed a Motion for Leave to Permit Trial Court to Correct Clerical Mistake in Entry of Judgment in this Court. In support of that motion, HEAF cites Rule 74.06, which provides that

clerical mistakes in judgments ... arising from oversight or omission may be corrected by the [trial] court at any time of its own initiative or on motion of any party.... During the pendency of an appeal, such mistakes may be so corrected with leave of the appellate court.

HEAF misconstrues Rule 74.06. That rule codifies the common law order *nunc pro tunc*. In so doing, Rule 74.06 limits itself to clerical mistakes "arising from oversight or omission." A clerical mistake is "a mistake in writing or copying." *Gordon v.*

*Gordon,* 390 S.W.2d 583, 586 (Mo.App. 1965).

No such clerical mistake is evident from this record. While our review of the record leads us to suspect that the trial court intended to dismiss this cause without prejudice for prematurity of action, there is sufficient ambiguity in the record that it cannot be said with the requisite certainty that that is what the trial court intended. Nor does our speculation support an entry of an order pursuant to Rule 84.14, which permits an appellate court to "give such judgment as the [trial] court ought to give."

In terms of the resources of the judicial system, it would have been far better for Hensley to act on appeal as he stated in the trial court—that he owed HEAF the money and intended to repay it. Hensley's actions reveal that he apparently intends to offer the defense of *res judicata* should Hensley file a new action to collect on its note. Rule 55.08. Should that happen, the trial court will have ample opportunity to state its intentions with regard to its original order of dismissal.

### C.

Finally, Hensley has filed a motion to strike portions of the record. Our decision in this case renders that motion moot. It is overruled.

### III.

The judgment of the trial court is reversed and the cause remanded for entry of orders consistent with this opinion.

ROBERTSON, C.J., and HAMILTON and BROWN, Special Judges, concur.