**HIGHER EDUCATION ASSISTANCE FOUNDATION, Respondent,**

v.

**Jeffrey M. HENSLEY, Appellant.**

**No. WD 47487.**

Missouri Court of Appeals, Western District.

March 1, 1994.

Theodore C. Beckett, Beckett, Lolli, Bartunek & Beckett, Kansas City, for appellant.

James M. McNeile, Buck, Bohm & Stein, P.C., Kansas City, for respondent.

Before BERREY, P.J., and BRECKENRIDGE and SMART, JJ.

SMART, Judge.

Jeffrey M. Hensley appeals from the trial court's amendment of a ruling previously rendered in favor of Hensley. The trial court's amendment purported to clarify that the dismissal of October 22, 1991, was a dismissal without prejudice.

In 1982, Jeffrey Hensley executed two promissory notes in the principal amounts of $2,500.00 and $2,281.00 to finance a portion of his undergraduate education. In 1988, Hensley was accepted at the University of Missouri—Kansas City School of Law. After his acceptance, Hensley filed certain documents in an attempt to defer his student loan obligation until he finished his law school education. Although Hensley was actually enrolled and apparently entitled to the deferment, the deferment was not granted.

On August 9, 1990, the Higher Education Assistance Foundation ("HEAF"), as assignee, filed a petition on the notes alleging that Hensley had defaulted on the student loan obligation. Hensley's answer admitted the execution of the notes but denied that there had been a default. At trial, the court heard evidence and determined that HEAF had not shown that Hensley was in default. The trial court concluded that Hensley would not be in default until approximately a year later, which would be six months after his May, 1991, graduation from law school. In its order, the trial court specifically stated: "At conclusion of evidence court sustains defendant's motion to dismiss for plaintiff's failure to produce sufficient evidence of default or deferral."

On November 13, 1991, twenty-two days after the entry of judgment, HEAF filed a Motion to Amend the Judgment Entry or, in the alternative, Motion for a New Trial. The motion requested that the trial court indicate to the parties whether the dismissal was with or without prejudice. HEAF cited various judicial comments in the trial transcript supporting its belief that the trial court dismissed the case "for prematurity of action" under Rule 67.03. The trial court declined to clarify the judgment, but granted HEAF a new trial instead. Hensley appealed the trial court's judgment ordering a new trial, claiming that HEAF's motion for new trial was filed out of time. Because Hensley was then employed as a law clerk for this court, the appeal was taken on transfer by the Missouri Supreme Court.

Following transfer, HEAF filed in the Supreme Court a motion seeking amendment of the judgment to correct a clerical mistake pursuant to Rule 74.06. In its opinion, in which it reversed the trial court's grant of a new trial, the Supreme Court discussed HEAF's motion as follows:

HEAF misconstrues Rule 74.06. That rule codifies the common law order *nunc pro tunc*. In so doing, Rule 74.06 limits itself to clerical mistakes "arising from oversight or omission." A clerical mistake is "a mistake in writing or copying."

No such clerical mistake is evident from this record. While our review of the record leads us to suspect that the trial court intended to dismiss this cause without

prejudice for prematurity of action, there is sufficient ambiguity in the record that it cannot be said with the requisite certainty that that is what the trial court intended. Nor does our speculation support an entry of an order pursuant to Rule 84.14, which permits an appellate court to "give such judgment as the [trial] court ought to give."

In terms of the resources of the judicial system, it would have been far better for Hensley to act on appeal as he stated in the trial court—that he owed HEAF the money and intended to repay it. Hensley's actions reveal that he apparently intends to offer the defense of *res judicata* should Hensley (sic) file a new action to collect on its note. Should that happen, the trial court will have ample opportunity to state its intentions with regard to its original order of dismissal.

*Higher Educ. Assistance Foundation v. Hensley*, 841 S.W.2d 660, 662–63 (Mo.1992) (citations omitted). The court held that the motion for new trial was filed out of time and ordered the trial court to enter judgment denying the motion for new trial. On remand, the trial court then made two entries in this case. The first entry dated December 1, 1992, read as follows:

> The Court having received the opinion of the Supreme Court finds specifically that this Court's order of 10/22/91 was a dismissal of the cause for "prematurity of action", as defined by Supreme Court Rule 67.03. Thus it was the intent of the Court to dismiss said cause without prejudice and with the understanding that the Plaintiff may refile the cause at the appropriate time. Clerk is ordered to notify the parties of this finding and the clarification of Court's previous order.

The second entry dated January 12, 1993, provided:

> The Court reissues its findings of Dec. 1, 1992, and hereby incorporates its finding of Dec. 1, 1992. The Court hereby formally orders that the original dismissal of this cause was without prejudice due to the prematurity of the action. The Court or-

ders cause dismissed without prejudice and denies plaintiff's motion for new trial.

Hensley appeals from the trial court's entry of December 1, 1992, where it specified that its prior judgment was a dismissal without prejudice for "prematurity of action."

Hensley's sole point on appeal is that the trial court erred in amending its original judgment in the underlying action because it was without jurisdiction to take that action. He suggests that the jurisdiction of the trial court on remand was limited to the sole issue presented by Hensley to the Supreme Court of whether HEAF's motion for new trial was properly granted. Thus, Hensley concludes, the trial court's action of amending the original judgment is null and void.

HEAF argues in response that the trial court amendment was authorized, but even if it were not technically authorized, there was no harm to Hensley because the amendment did not change the nature of the original judgment. Rule 67.03 then provided:

> A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. Any voluntary dismissal other than one which the party is entitled to take without prejudice, and *any involuntary dismissal other than one* for lack of jurisdiction, *for prematurity of action,* for improper venue or for failure to substitute a party for a decedent *shall be with prejudice* unless the court in its order for dismissal shall otherwise specify.

(Emphasis added.) Thus, under Rule 67.03, a dismissal for prematurity of action was equivalent to a dismissal without prejudice.[1] HEAF urges that the trial court's ruling was a dismissal for prematurity of action. HEAF points to the language used by the trial court in connection with the ruling:

> Now I want to make it clear. I'm sustaining this motion because the Plaintiff has not sufficiently convinced me that a deferral was incomplete. And I'm going to

---

1. The 1994 amendments to Rule 67.03 provide that *any* involuntary dismissal "shall be without prejudice unless the court in its order for dismissal shall otherwise specify."

put that in my finding. I certainly don't want this to reflect, and I want to make it clear on the record, that the Defendant doesn't owe this obligation. In the opinion of the Court, he clearly does ... It [the promissory notes] will come due in the very near future under the present terms of the note and I want to make it clear there's no question but in my mind but what he owes the money. But I do not find that he owes the entire amount of the money because I do not find the Plaintiff has convinced me that he filed an incomplete or inaccurate or insufficient deferral at the time he was required and that's the only way he would have been in default under the note that I see in blank and under the evidence I've heard.

We are constrained from directly deciding that issue by the fact that the Supreme Court has already examined the issue and deferred the issue back to the trial court. Finding the motion for new trial was not timely, the court reversed the grant of a new trial and remanded the case with instructions that the trial court deny the motion for new trial. The Supreme Court specifically contemplated that the trial court would have an opportunity to clarify its intention as to the dismissal upon further litigation (anticipating HEAF would file a subsequent action to collect on the notes).

Hensley urges on this appeal that the trial court's initial ruling constituted a judgment on the merits of the case, not a dismissal. We decline to specifically decide the nature of the trial court ruling. The only issue before us (whether the trial court was authorized to amend the judgment upon remand from the Supreme Court) may be resolved on other grounds. Further, the Supreme Court specified that the nature of the trial court ruling would be construed in any subsequent action on the notes. Therefore, it remains for the trial court, in future litigation upon the notes, to declare the nature of the earlier dismissal upon the assertion of a defense of *res judicata*.

On the earlier remand in this case, the trial court complied with the Supreme Court's mandate, denying the motion for new trial. The trial court also proceeded beyond the instructions of the mandate and amended the prior judgment in an attempt to clarify the earlier ruling as not being a decision on the merits.

■ Did the trial court have authority to amend the judgment to clarify its ruling? The court was apparently purporting to act pursuant to Rule 74.06(a) to correct a clerical mistake. Rule 74.06(a) permits a court to act *sua sponte* or on motion of a party to correct a clerical mistake in a judgment. *Nunc pro tunc* proceedings may be used to correct clerical mistakes in recording the judgment rendered. *Overby v. Overby,* 682 S.W.2d 872, 873 (Mo.App.1984).

■ The Supreme Court has ruled that the judgment in this case does not involve a clerical mistake, so that a *nunc pro tunc* order is not appropriate. In view of the limitations of the mandate of the Supreme Court, we hold it was error for the trial court to tamper with the expression of the judgment in this case, although the trial court understandably desired to save the parties some time and expense by making clear that the original dismissal was a dismissal for prematurity of action. The court, however, simply had no jurisdiction to act contrary to the terms of the mandate. We view the mandate as incorporating the directives of the opinion. *Parker v. Parker,* 857 S.W.2d 873, 874 (Mo.App.1993). The Supreme Court in this case chose to leave the issue of the meaning and effect of the dismissal to be resolved upon the subsequent efforts of HEAF to collect the notes through a second action upon the occurrence of a default.

We hold that the action of the trial court, on remand, of modifying its ruling was error because it was contrary to the mandate of the Supreme Court. Appellant's point is granted. The judgment amendments of December 1, 1992 and January 12, 1993, are vacated except to the extent that they deny the motion for new trial. The judgment, therefore, remains as it was rendered October 22, 1991. Each party shall pay its own costs on this appeal.

All concur.