Joe LAIBEN, et al., Plaintiffs/Appellants,

v.

Clinton B. ROBERTS,
Defendant/Respondent.

No. 65312.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 8, 1994.

Mike Puchalla, St. Louis, for appellant.

Dennis E. McIntosh, Farmington, for respondent.

GRIMM, Chief Judge.

Plaintiffs appeal the denial of their motion to set aside a dismissal. We clarify that the dismissal was without prejudice and dismiss the appeal.

## I. Background

On May 22, 1992, plaintiffs brought suit against defendant alleging legal malpractice. Attorney J.B. Carter filed the petition.

On June 16, 1992, defendant moved to disqualify Mr. Carter as plaintiffs' attorney. The motion was argued and the trial court sustained it on November 13, 1992.

On August 31, 1993, defendant filed a motion to dismiss for failure to prosecute. The accompanying notice indicated the motion would be called up on November 12, 1993. The motion and notice of hearing were sent to plaintiffs' former attorney, J.B. Carter, but not plaintiffs personally.

Neither plaintiffs nor their former attorney appeared at the November 12 hearing. Defendant's attorney appeared. The trial court "ordered that the above-entitled action be and the same is hereby dismissed with costs in favor of the Defendant." The order did not specify that the case was dismissed without prejudice.

On December 9, 1993, attorney Mike Puchalia entered his appearance for plaintiffs. He filed several motions, including one to set aside the dismissal. On December 10, 1993, the trial court took up the motions and denied them. Pertinent to this matter, the trial judge said:

> The Court is going to deny your request to set aside the order dismissing this case for failure to prosecute.... So, I'm going to leave the order as is. Naturally, it was *Dismissed Without Prejudice*. If your Statute of Limitations are still in effect then obviously you can refile it.

(emphasis added).

## II. Order of Dismissal

We first determine whether we have jurisdiction. Generally, if a cause is dismissed without prejudice, an appeal will not lie. *See Siampos v. Blue Cross and Blue Shield of Missouri*, 870 S.W.2d 499, 501 (Mo. App.E.D.1994).

Former Rule 67.02 (repealed June 1, 1993, effective January 1, 1994) authorized a defendant to move for dismissal of a civil action for failure to prosecute. Former Rule 67.03 (repealed June 1, 1993, effective January 1, 1994) provided that such an involuntary dismissal "shall be with prejudice unless the court in its order for dismissal shall otherwise specify." On the other hand, new Rule 67.03 (amended June 1, 1993, effective January 1, 1994) provides that an involuntary dismissal "shall be without prejudice" unless the court orders otherwise.

Although the order itself did not specify, the trial judge's remarks at the hearing clearly indicate he intended to dismiss the case without prejudice. His clear statement permits the court to "give such judgment as the court ought to give." Rule 84.14; *see also Higher Educ. Assistance Foundation v. Hensley*, 841 S.W.2d 660, 663 (Mo.Div. 1 1992); *Meiners v. Meiners*, 858 S.W.2d 788, 791 (Mo.App.E.D.1993). Accordingly, we modify the trial court's November 12 order to reflect that the dismissal was without prejudice.

This dismissal without prejudice was not an adjudication on the merits. *Siampos*, 870 S.W.2d at 501. Therefore, we dismiss the appeal.

WHITE and DOWD, JJ., concur.