**In re the Marriage of Linda Dolores DEHNER, Petitioner/Respondent,**

**v.**

**Michael David DEHNER, Respondent/Appellant.**

**No. 72513.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 21, 1998.

---

v.

**Morgan M. MORRIS and Lottie N. Morris, Defendants– Appellants.**

**No. 21888.**

Missouri Court of Appeals, Southern District, Division Two.

April 27, 1998.

Michael Dehner, Jefferson City, pro se.

AHRENS, Presiding Judge.

Movant, Michael Dehner, appeals from the trial court's dismissal, for failure to prosecute, of his motion to modify an earlier child support, custody and visitation decree. The trial court did not specify whether the dismissal was with or without prejudice. An involuntary dismissal is without prejudice unless it specifically states otherwise. Rule 67.03. Thus, the trial court's dismissal in the instant case was without prejudice.

We only have jurisdiction over final judgments of the trial court. Section 512.020 RSMo. (1994). A dismissal without prejudice for failure to prosecute is not a final judgment. *Vernor v. Bd. of Probation and Parole*, 934 S.W.2d 13, 14 (Mo.App.1996). Therefore, we do not have jurisdiction over movant's appeal.[1]

Appeal dismissed.

CRANDALL and KAROHL, JJ., concur.

---

**1.** Even if the trial court's dismissal of movant's petition would have been with prejudice, it was not denominated as a "judgment" and therefore would not have been a final judgment. Rule 74.01(a); *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997).