Bernard UNNERSTALL,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. ED 78208.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 21, 2001.

---

Irene Karns, Asst. Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane D. Crouse, Asst. Atty. Gen., Jefferson City, MO, for respondent.

MOONEY, Judge.

Movant, Bernard Unnerstall, appeals from the judgment denying his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. Movant alleges error in the motion's denial, but because the motion was untimely filed, we vacate the judgment of the motion court and remand for dismissal of Movant's Rule 24.035 motion.

Movant was delivered to the Department of Corrections on April 9, 1999. He filed a *pro se* Rule 24.035 motion, which he signed and had notarized on June 26, 1999. In his brief, Movant asserts the motion was filed in Franklin County Circuit Court on July 7, 1999, that the circuit clerk returned the motion to the Movant, and that he refiled the petition on July 16, 1999. The last day Movant could have timely filed his motion was on July 8, 1999, 90 days after his delivery to prison. Movant successfully petitioned the motion court to consider his post-conviction relief motion as if it had been timely filed. The motion court then held an evidentiary hearing and denied Movant's claims on the merits. This appeal followed.

Movant claims the motion court erred in denying his motion. The State, however, contends that Movant's motion was not timely filed, and thus, the motion court had no jurisdiction to consider the merits of the motion. Movant did not file a reply brief refuting the State's contention that his motion was untimely. We agree with the State's contention and find Movant's Rule 24.035 motion untimely filed.

■ The issue of timeliness is considered jurisdictional and must be addressed on appeal. *Burgin v. State,* 969 S.W.2d 226 (Mo.App. E.D.1998); *Jones v. State,* 2 S.W.3d 825 (Mo.App. E.D.1999); *Hall v. State,* 992 S.W.2d 895, 897 (Mo.App. W.D. 1999).

■ Where no direct appeal of the judgment or sentence sought to be vacated, set aside or corrected is taken, a person seeking relief under Rule 24.035 must file a motion under the rule within ninety

days of the date the person is delivered to the custody of the Missouri Department of Corrections. Rule 24.035(b). The time limitations of Rule 24.035 are mandatory and constitutional. *Day v. State*, 770 S.W.2d 692, 695 (Mo.banc 1989). The time limits to file a Rule 24.035 motion are to be strictly enforced and may not be extended. *Day*, 770 S.W.2d at 696; *Hall*, 992 S.W.2d at 897; *Reynolds v. State*, 939 S.W.2d 451, 453 (Mo.App. W.D.1996). Demonstration of a timely filing is a condition precedent to pleading a claim for post-conviction relief. *Washington v. State*, 972 S.W.2d 347, 348 (Mo.App. E.D.1998). Failure to file a timely motion constitutes a complete waiver of any right to proceed under Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to the Rule. Rule 24.035(b); *Day*, 770 S.W.2d at 696.

■ Filing occurs when a document is delivered to the proper officer and lodged in his office. *Goodson v. State*, 978 S.W.2d 363, 364 (Mo.App. E.D.1998); *Euge v. Golden*, 551 S.W.2d 928, 931 (Mo.App. 1977); *Lewis v. State*, 845 S.W.2d 137, 138 (Mo.App. W.D.1993)(Rule 24.035 motion for post-conviction relief is considered filed when deposited with the circuit court clerk and lodged in the clerk's office); *Phelps v. State*, 21 S.W.3d 832, 833 (Mo.App. E.D. 1999); *Goodson v. State*, 978 S.W.2d 363, 364 (Mo.App. E.D.1998). Further, the date of receipt is crucial to determining timeliness of the filing. *Lewis*, 845 S.W.2d at 138. The date a document is stamped as being received is evidence of the date of receipt. *Goodson*, 978 S.W.2d at 364.

■ Moreover, a Rule 24.035 motion is "deemed filed when it is lodged in the court clerk's office not when the motion is mailed." *Williams v. State*, 788 S.W.2d 795, 796 (Mo.App. E.D.1990); *Vollmer v. State*, 775 S.W.2d 230, 231 (Mo.App. E.D. 1989). Missouri courts have declined to adopt a prison mailbox rule. *Daniels v.*

*State*, 31 S.W.3d 121, 123 (Mo.App. W.D. 2000); *Vollmer*, 775 S.W.2d at 231; *O'Rourke v. State*, 782 S.W.2d 808, 809–810 (Mo.App. W.D.1990).

■ Here, the record does not demonstrate a timely filing. Movant was delivered to the Department of Corrections on April 9, 1999. Movant had 90 days from this date, until July 8, 1999, within which to file his Rule 24.035 motion. The only evidence in the record as to the date of filing appears in the legal file certified by the circuit clerk. Despite his request that the motion court consider his motion to be timely filed, Movant adduced no evidence in the motion court in support of his request. The Rule 24.035 motion in the legal file is file-stamped on July 16, 1999. Also appearing on the motion is a file stamp of July 7, 1999, however this file stamp has been crossed out, without explanation as to the circumstances of its cancellation. Also certified by the circuit clerk are the docket sheets of the motion court, which unequivocally reflect a filing date of July 16, 1999. Based upon the record before us, we can only conclude the motion was untimely filed on July 16, 1999.

Movant's assertion that he signed and notarized his motion on June 26, 1999, and then mailed the motion is of no consequence because this assertion is not self-proving. There is simply no evidence in the record of the date of mailing. Although movant first raised this assertion in the motion court, he adduced no evidence in support of his claim. Even if we were to assume the truthfulness of his assertion, it would provide movant no relief because Missouri courts do not recognize a prison mailbox rule and it is the date of filing, not mailing, that is dispositive.

Movant's claim on appeal that the motion was originally filed on July 7, 1999, is also unsupported by the record. Although there is a crossed-out file stamp of July 7,

1999, there is no evidence of the circumstances of its cancellation. Whether it reflects a clerical correction or, as movant would have it, an earlier filing, is unknown. Further, there is an uncancelled file stamp of July 16, 1999. In addition, the circuit clerk's certified docket sheets reflect an unequivocal filing date of July 16, 1999. If there was an earlier filing, it was incumbent upon movant to adduce evidence of that earlier filing. He did not do so in the motion court. It was Movant's obligation under Rule 81.12 to prepare and submit the record on appeal. And it was his right, pursuant to Rule 81.15(d), to contest the accuracy of the legal file certified to this court. Movant prepared and submitted the record on appeal without contesting its accuracy. On the record before us, the motion was filed on July 16, 1999, and is time-barred.

As the time limits set forth in Rule 24.035 are to be strictly enforced, the motion court lacked jurisdiction to consider the merits of Movant's motion. Although the motion court denied his motion on the merits, it erred in considering the motion at all.

The judgment of the motion court is vacated and the cause is remanded to the motion court with directions to enter an order dismissing Movant's Rule 24.035 motion as being untimely filed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.