**Ivan RHONE, Plaintiff/Appellant,**

v.

**Richard HORTON, Mark Kasen, OHP, Inc., Joe Jacobson, and Green, Schaaf & Jacobson, Defendants/Respondents.**

**No. ED 84397.**

Missouri Court of Appeals,
Eastern District,
Division Five.

July 13, 2004.

Dorian Bell Amon, St. Louis, MO, for Appellant.

Joe David Jacobson, Allen Patrick Press, Clayton, MO, for Mark Kasen, Richard Horton & OHP, Inc.

Steven Howard Schwartz, St. Louis, MO, for Joe Jacobson & Green Schaaf & Jacobson.

SHERRI B. SULLIVAN, Chief Judge.

Ivan Rhone (Plaintiff) appeals the trial court's dismissal, without prejudice, of his petition against Defendants for breach of contract, conversion, fraud, and punitive damages. We dismiss the appeal.

Plaintiff brought suit against Defendants alleging breach of contract, conversion, and fraud over an agreement to purchase a radio station. The attorney for Plaintiff who filed the petition was Dorian Amon (Amon). Defendants filed a joint motion to disqualify Amon, alleging he had previously represented Defendant Richard Horton in a prior suit arising from the attempts of the various parties to acquire a radio station. On November 18, 2003, the trial court issued an order disqualifying Amon from representing Plaintiff after concluding that his representation violated Missouri Rule of Professional Conduct 4.19, because Amon has a conflict of interest with Defendant Richard Horton.[1] On January 26, 2004, Defendants filed a motion to dismiss, contending they were unable to locate Plaintiff, who was now representing himself *pro se,* and were unable to conduct any discovery. After notice of hearing, the court heard Defendants' motion to dismiss. Plaintiff failed to appear. The trial court granted the motion to dismiss and dismissed Plaintiff's cause without prejudice. Plaintiff appeals.

Defendants have filed a motion to dismiss the appeal. They argue that the dismissal was without prejudice, and thus it is not a final, appealable judgment.[2] Plaintiff has not filed a response to the motion.

Generally, if a cause is dismissed without prejudice, it is not a final, appealable judgment. *Laiben v. Roberts,* 886 S.W.2d 726, 727 (Mo.App. E.D.1994). Here, the trial court's dismissal was essentially for failure to prosecute. A dismissal without prejudice for failure to prosecute is not an adjudication on the merits and is not a final judgment. *Dehner v. Dehner,* 967 S.W.2d 684, 685 (Mo.App. E.D.1998). A dismissal without prejudice permits the party to bring another civil action for the same cause. Supreme Court Rule 67.01. Under the savings statute, Section 516.230, RSMo 2000, Plaintiff may simply refile his cause of action. Without a final judgment, this Court is without jurisdiction to entertain Plaintiff's appeal. *Dehner,* 967 S.W.2d at 685. Indeed, appellate review would be a futile act. We grant Defendants' motion to dismiss.

Appeal dismissed.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. We note that Amon represents Plaintiff on appeal. No party has made a motion to disqualify him in this Court.

2. Defendants also argue in their motion to dismiss that the dismissal was not denominated a judgment under Supreme Court Rule 74.01(a). However, the dismissal is clearly denominated as "ORDER/JUDGMENT/MEMORANDUM," and therefore this argument has no merit.