**Stancie F. MOLDER, Appellant,**

v.

**TRAMMELL CROW SERVICES, INC., Respondent.**

**No. WD 70926.**

Missouri Court of Appeals,
Western District.

Feb. 23, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 2010.

Application for Transfer Denied
May 25, 2010.

Robert J. Bjerg, Overland Park, KS, for Appellant.

Russell F. Watters and Patrick A. Bousquet, St. Louis, MO, for Respondent.

Before Division III: JAMES EDWARD WELSH, Presiding Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

MARK D. PFEIFFER, Judge.

Stancie F. Molder (Molder) appeals the Circuit Court of Clay County's (trial court) judgment dismissing Molder's negligence lawsuit against Trammell Crow Services, Inc. (Trammell Crow). The trial court concluded that the applicable statute of limitations barred the lawsuit. Molder argues the trial court committed reversible error when it dismissed the lawsuit as being untimely filed because the lawsuit was timely filed within the one-year savings period prescribed in section 516.230.[1] We agree.

## Facts

This dispute arose from an injury that Molder suffered on December 16, 2000, in the Bank of America parking lot where she worked. Molder filed a lawsuit alleging that Trammell Crow's negligence caused her injuries. Molder timely filed the original lawsuit (First Lawsuit) against Trammell Crow on January 31, 2005.

Molder then attempted to amend the First Lawsuit on December 15, 2005, by adding an additional defendant. In this attempt at pursuing an amended pleading, Molder made numerous mistakes. First, Molder erroneously filed the First Amended Petition in the wrong county. Eventually, Molder discovered this mistake and filed the First Amended Petition with the trial court on February 14, 2006. More

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

importantly, in Molder's First Amended Petition, Molder continued to list Trammell Crow as a party defendant in the caption of the case, but Molder failed to state a claim for relief against Trammell Crow in the specific allegations of the First Amended Petition.

On February 22, 2006, Trammell Crow filed its answer to the First Amended Petition and included the affirmative defense that Molder failed to state a claim for relief against Trammell Crow. On March 8, 2006, Trammell Crow filed a motion to dismiss Molder's First Amended Petition. Molder then recognized the pleading error and filed a Second Amended Petition on March 10, 2006, continuing to include Trammell Crow as a named defendant in the caption of the pleading, but also specifically re-asserting claims for relief against Trammell Crow. Prior to filing the Second Amended Petition in the First Lawsuit, Molder failed to obtain leave of court to do so as required by the Missouri Rules of Civil Procedure.[2] Thus, Trammell Crow responded to the Second Amended Petition by filing a motion to strike the Second Amended Petition.

The trial court held a hearing on March 15, 2006, to rule on Trammell Crow's motion to dismiss the First Amended Petition and the motion to strike the Second Amended Petition. On the day of that hearing, Molder filed a motion for leave of court to file the Second Amended Petition. The trial court made three rulings at the

March 15, 2006 hearing: (1) the trial court denied Trammell Crow's motion to dismiss Molder's First Amended Petition; (2) the trial court granted Trammell Crow's motion to strike Molder's Second Amended Petition; and (3) the trial court granted Molder's motion for leave of court to file a Second Amended Petition within ten days from the date of the hearing.

After obtaining leave of court to do so and on the same date the court granted such leave, Molder filed the Second Amended Petition re-asserting claims against Trammell Crow on March 15, 2006. The Clay County Circuit Clerk (circuit clerk) stamped the Second Amended Petition as filed and received on March 15, 2006, but failed to record the filing in the docket sheet for the First Lawsuit. For reasons unclear from the record, Trammell Crow did not respond to the *Second* Amended Petition and filed a second motion to dismiss Molder's *First* Amended Petition.[3] At this point, Molder sought leave to obtain new trial counsel, and the record from the First Lawsuit reflects that little activity took place for approximately two years.

On March 5, 2008, the trial court held a hearing on Trammell Crow's second motion to dismiss Molder's First Amended Petition. Even though Molder's trial counsel provided the trial court with a copy of the Second Amended Petition bearing the circuit clerk's stamp reflecting

---

**2.** Missouri Rule of Civil Procedure 55.33(a) (2009) allows a party to amend a pleading once as a matter of course. Otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party. Rule 55.33(a).

**3.** At the current time, both parties are represented by different counsel. Although there is no reasonable dispute that Molder's previous counsel did, in fact, file the Second Amended Petition on March 15, 2006, both of the par-

ties' current counsel surmised at oral argument that Molder's previous counsel probably neglected to serve a copy of the filed Second Amended Petition on opposing counsel. Combined with the fact that the circuit clerk failed to docket the filing of the Second Amended Petition, it was understandable for Trammell Crow's previous counsel to mistakenly assume that the Second Amended Petition had not been filed after leave had been granted by the trial court.

that the Second Amended Petition had, in fact, been filed in accordance with the trial court's instruction to do so, the trial court ignored the Second Amended Petition and granted Trammell Crow's second motion to dismiss the First Lawsuit and stated in its dismissal order: "The 1st Amended Petition (the only operative pleading in this case) makes no claim against Trammel[l] Crow Services, Inc." The trial court did, however, specify in its dismissal order of March 5, 2008, that the First Lawsuit was dismissed *without prejudice.*

Molder re-filed a new lawsuit against Trammell Crow (Second Lawsuit) on July 7, 2008, four months and two days after the trial court dismissed the First Lawsuit. On February 13, 2009, Trammell Crow filed a motion to dismiss the Second Lawsuit arguing that it was barred by the five-year statute of limitations. The trial court granted Trammell Crow's motion to dismiss the Second Lawsuit, entered a judgment dismissing the Second Lawsuit, and this timely appeal ensued.

### Standard of Review

 The dismissal of a claim as barred by the statute of limitations raises a question of law that this court reviews on a *de novo* basis. *Rickner v. Golfinopoulos,* 271 S.W.3d 32, 34 (Mo.App. W.D.2008). Missouri law favors disposition of a case on the merits when possible, *Givens v. Highland Diversified, Inc.,* 850 S.W.2d 107, 109 (Mo.App. E.D.1993), and care must be given by trial courts to issue their rulings in a manner that serves the ends of justice. *Horobec v. Mueller,* 628 S.W.2d 942, 944 (Mo.App. E.D.1982).

**4.** Trammell Crow could have sought immediate redress if it believed the trial court's order granting Molder leave to file a second amended petition was in error. However, Trammell

### Discussion

This appeal raises two questions: (1) Which petition was the operative pleading at the March 5, 2008 dismissal hearing in the First Lawsuit? (2) Does the statute of limitations bar the Second Lawsuit?

 The filing of a pleading occurs when the document is delivered to the proper officer and lodged in such office. *Unnerstall v. State,* 53 S.W.3d 589, 591 (Mo.App. E.D.2001). "The critical date is the date the document is received; and once the document is delivered, the person filing the document is not responsible for the disposition of the document by the clerk's office." *Euge v. Golden,* 551 S.W.2d 928, 931 (Mo.App.1977); *see also Faris v. Dewitt,* 947 S.W.2d 847, 850 (Mo. App. S.D.1997) (holding that a motion to dismiss filed by the defendants in a negligence action was timely filed when the motion was stamped filed by the clerk but placed in the wrong file and not entered in the correct docket); *Durley v. State,* 685 S.W.2d 284, 286 (Mo.App. S.D.1985) (noting that a pleading need only be deposited with the clerk of the court to be considered filed).

 At the March 5, 2008 hearing on the First Lawsuit, the trial court was simply wrong when it concluded that the First Amended Petition was the operative pleading in the First Lawsuit as of that date. Two years earlier, the trial court had granted Molder leave to file a Second Amended Petition on or before March 25, 2006.[4] It is undisputed that Molder filed the Second Amended Petition with the circuit clerk's office on March 15, 2006. The Second Amended Petition is stamped "filed" on March 15, 2006, and bears the

Crow never sought a writ of mandamus or prohibition or otherwise challenged that ruling on any basis at any time.

initials of the circuit clerk. The Second Amended Petition has been included in the circuit clerk's certification of true and accurate copies of documents from the circuit clerk's documentary file from the First Lawsuit and is a part of the Legal File in this appeal. As a matter of law, the Second Amended Petition was filed when delivered to and received by the circuit clerk on March 15, 2006. *See Unnerstall,* 53 S.W.3d at 591. Therefore, as a matter of law, the Second Amended Petition was the operative pleading in the First Lawsuit at the time the trial court dismissed Molder's First Lawsuit on March 5, 2008. *Id.*

The remaining issue is whether the statute of limitations barred the Second Lawsuit. We conclude the trial court committed reversible error on this point.

Missouri law requires that personal injury actions must be filed within five years of the incident producing the alleged injury. § 516.120. However, Missouri law also provides a "savings statute":

> If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed....

§ 516.230.

■■ Therefore, a litigant must meet three requirements in order for the savings statute to apply: (1) the original action must have been timely filed; (2) the second cause of action is the same as the first; and (3) the plaintiff suffered a nonsuit in the first cause of action. Here, Molder's Second Lawsuit meets all three requirements.

First, Molder timely filed both the original petition and the Second Amended Petition in the First Lawsuit. Molder filed the original petition on January 31, 2005, within the applicable five-year statute of limitations. After Molder committed a series of procedural pleading errors, the trial court granted Molder leave to file a Second Amended Petition in the First Lawsuit on or before March 25, 2006. Molder complied with the trial court's ruling on Molder's motion for leave to file Second Amended Petition and filed the Second Amended Petition with the circuit clerk's office on March 15, 2006. As a result, Molder timely filed the original and Second Amended petitions in the First Lawsuit and, at the time of dismissal of the First Lawsuit, the operative pleading was the Second Amended Petition, which stated a claim for relief against Trammell Crow. *See Unnerstall,* 53 S.W.3d at 591.

Second, Molder's Second Lawsuit is the same cause of action as the First Lawsuit. The savings statute applies only where the first and second causes of action are the same and the defendants in the second suit are the same as in the first. *Centerre Bank of Kansas City, N.A. v. Angle,* 976 S.W.2d 608, 619 (Mo.App. W.D.1998). Molder alleged in the Second Amended Petition that Trammell Crow's negligence caused her injuries during a slip and fall outside of her place of employment at Bank of America. Likewise, the Second Lawsuit alleges that Molder left work at the Bank of America facility, slipped and fell on accumulated ice in the parking lot, and that Trammell Crow's negligence caused the dangerous conditions. Both the First and Second Lawsuits claim to hold Trammell Crow legally responsible for Molder's injuries and damages arising out of the same incident. Therefore, Molder's Second Lawsuit is the same cause of action as the First Lawsuit. *Id.*

Third, Molder suffered a nonsuit on March 5, 2008. A dismissal without prejudice is a nonsuit and permits a party to bring another civil action for the same cause. *Rhone v. Horton,* 139 S.W.3d 199,

200 (Mo.App. E.D.2004). The savings statute allows a lawsuit to be re-filed within one year after a dismissal without prejudice of the first suit. *Bushie v. Brown (In re Estate of Klaas)*, 8 S.W.3d 906, 909 (Mo.App. S.D.2000). Moreover, the initial dismissal begins the running of the one-year grace period provided in the savings statute, so that a re-filing within one year of the dismissal is within the statute of limitations. *Britton v. Hamilton*, 740 S.W.2d 704, 705 (Mo.App. E.D.1987).

The trial court dismissed Molder's First Lawsuit without prejudice on March 5, 2008. Consequently, Molder suffered a nonsuit on March 5, 2008, and had one year from that date to re-file the lawsuit within the statute of limitations. *See Rhone*, 139 S.W.3d at 199. Molder filed the Second Lawsuit on July 7, 2008, four months and two days after the March 5, 2008 nonsuit. As a result, Molder filed the Second Lawsuit within the applicable statute of limitations. *Id.*

## Conclusion

Molder's Second Amended Petition stated a claim against Trammell Crow and was the operative pleading in the First Lawsuit at the time of its dismissal without prejudice, Molder's petition against Trammell Crow in the Second Lawsuit asserts the same cause of action against Trammell Crow as the First Lawsuit, and Molder timely filed the petition in the Second Lawsuit within the time period prescribed in section 516.230. Therefore, we reverse the trial court's judgment of dismissal in this, the Second Lawsuit, and remand the case for further proceedings.

JAMES EDWARD WELSH, Presiding Judge, and KAREN KING MITCHELL, Judge, concur.